IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY J. JONES, #207680, | ) ) ) |
| Plaintiff, | ) No. 3:22-cv-00700 ) |
| v. | ) Judge Trauger ) Magistrate Judge Frensley |
| JERRY SPANGLER, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Danny J. Jones, an inmate of the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Jerry Spangler, Jim Casey, and Christopher Hugan, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff subsequently filed a supplement (Doc. No. 4) to the complaint.

The complaint as supplemented is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that Plaintiff was "placed on forced injections" once monthly in 2011 and an unspecified court appointed Plaintiff a conservator in 2021, both against Plaintiff's consent. (Doc. No. 1 at 5). Plaintiff has been trying to stop the injections and remove the conservatorship since then. The complaint alleges that Plaintiff is capable of making decisions for himself without the assistance of conservator Christopher Hugan.

2

Plaintiff notified Defendant Hugan in 2021 that the injections were causing health problems including difficulty breathing, but Hugan ignored Plaintiff and the injections continued. The possible side effects of this medication include cardiac dysfunction and a neurological disorder.

Plaintiff has notified all Defendants that he has a right to refuse long-term treatment with anti-psychotic drugs.

The complaint also alleges that Plaintiff's grievances concerning these matters have been destroyed by unidentified MCCX officials and/or Defendants have refused to respond to Plaintiff's grievances.

## IV. Analysis

Plaintiff brings this action against three Defendants: Jerry Spangler, the MCCX Mental Health Director; Jim Casey, "the Regional Director for Mental Health"; and Christopher Hugan, Plaintiff's conservator. Plaintiff sues Defendants in their individual and official capacities. (Doc. No. 1 at 8). Plaintiff brings both federal and state law claims.

### A. Federal Claims

Plaintiff alleges that Defendants are violating Plaintiff's due process rights by forcibly medicating him and refusing to honor his request for a hearing to remove his conservator.

A prisoner has a "liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *Noble v. Schmitt*, 87 F.3d 157, 161-62 (6th Cir. 1996) (finding that defendants were not entitled to qualified immunity from liability on prisoner's Fourteenth Amendment claim where prisoner alleged he was forcibly medicated without justification). This right is not absolute; prison officials have an "obligation to provide prisoners with medical

3

treatment consistent not only with their own medical interests, but also with the needs of the institution." *Id*. at 225. Thus, prison officials may administer psychotropic drugs to a prisoner against his will "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id*. at 227. To comport with the Due Process Clause, the forced medication must be in the prisoner's medical interest, the treating physician's determination must be subject to review by an independent tribunal or panel, and the prisoner must be able to capably argue before the panel or tribunal that he does not need forced medication. *Annabel v. Heyns*, No. 2:12-CV-13590, 2014 WL 1207802, at *6 (E.D. Mich. Mar. 24, 2014) (citing *Sullivan v. Flannigan*, 8 F.3d 591, 598 (7th Cir. 1993)).

The complaint alleges that Defendants violated Plaintiff's due process rights by subjecting him to unwanted forced medications. Had Plaintiff made clear that any of the named Defendants were directly responsible for the forced medications, this allegation would be sufficient, for purposes of the required PLRA screening, to state colorable claims under *Harper* against Defendants Spangler and Casey, both state actors, in their individual capacities. However, the complaint fails to allege that either Spangler or Casey was personally involved in the administration of the forced medications or directly responsible for the order to forcibly administer the medications. Taking into account Plaintiff's pro se status, the court will permit Plaintiff to amend his complaint to clarify Spangler and Casey's role(s), if any, in the administration of forced medications to Plaintiff and/or to identify the name(s) of the person(s) responsible.

As to Defendant Hugan, "[s]ection 1983 erects no shield against merely private conduct, however discriminatory or wrongful." *Holley v. Deal*, 948 F. Supp. 711, 714 (M.D. Tenn. 1996) (citing *Mineo v. Transp. Mgmt. of Tenn., Inc.*, 694 F. Supp. 417, 423 (M.D. Tenn. 1988) and *Perdue v. Quorum, Inc.*, 934 F. Supp. 919, 922 (M.D. Tenn. 1996)). Here, the complaint alleges

4

that Hugan was appointed by an unspecified court to serve as Plaintiff's conservator. (Doc. No. 4 at 1). It is unclear whether Hugan is a private citizen and how much authority the appointing court gave to Hugan; for example, the complaint does not disclose whether Hugan's conservatorship is solely for the purpose of consent to medication. These particulars matter. *See Holley*, 948 F. Supp. at 714 (stating that "[t]here is ample authority for Defendant's proposition that he, as a limited guardian, did not 'act under color of state law,' for purposes of Section 1983" because Defendant was a limited guardian for a limited purpose, appointed solely for the purpose of consent to medication). As with the other individual Defendants, the court will permit Plaintiff to amend his complaint to clarify Hugan's role as conservator, including the scope of his conservatorship duties.

As to Plaintiff's claims against the Defendant state actors in their official capacities, "official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Spangler and Casey are actually claims against the entity(ies) of which Defendants are agents. The complaint alleges that Spangler is the Director of Mental Health for the Tennessee Department of Correction (TDOC), and Casey is the Regional Director of Mental Health. (Doc. No. 1 at 1). It is not clearly stated whether Casey is employed by TDOC. Assuming, however, that both Spangler and Casey are TDOC employees or agents for purposes of this initial screening, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.

In this case, Plaintiff has not alleged any facts from which the court could conclude that an official policy or custom of TDOC resulted in a violation of his constitutional rights. The complaint

5

does not refer to any official policies or customs, other than allegations that Defendants have failed to comply with policies governing the administration of psychotrophic medication. Thus, Plaintiff's official-capacity claims against Defendants Spangler and Casey fail to state claims upon which relief can be granted under Section 1983. These claims will be dismissed.

### B. State Claims

The complaint also alleges that Defendants violated Plaintiff's due process rights provided by the Tennessee constitution. (Doc. No. 1 at 1). Further, the complaint seeks to remove Plaintiff's court-ordered conservator. (Id. at 5).

28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

Id. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. at § (c)(3).

Because at this time it is unclear whether any of Plaintiff's claims will survive the PLRA screening, the court cannot determine whether to exercise supplemental jurisdiction over Plaintiff's state-law claims. After the time has passed for Plaintiff to submit his amendments to the complaint, the court will make this determination.

### V. Conclusion

The court has screened the complaint as supplemented pursuant to the PLRA and determined that Plaintiff's due process allegations against Defendants in their individual capacities fail to state claims under Section 1983 upon which relief can be granted. Specifically, the complaint fails to allege that either Defendant Spangler or Casey was personally involved in the

administration of the forced medications or directly responsible for the order to forcibly administer the medications. And it is unclear whether Hugan is a private citizen and how much authority the appointing court gave to Hugan; for example, the complaint does not disclose whether Hugan's conservatorship is solely for the purpose of consent to medication.

However, taking into account Plaintiff's pro se status, the court will permit Plaintiff to amend his complaint to clarify Spangler and Casey's role(s), if any, in the administration of forced medications to Plaintiff and/or to identify the name(s) of the person(s) responsible for the forced medications. Further, the court will permit Plaintiff to amend his complaint to clarify Hugan's role as conservator, including the scope of his conservatorship duties. These amendments must be submitted within 30 days of entry of this memorandum opinion and accompanying order.

The court also finds that the complaint fails to state colorable claims under Section 1983 against Defendants Spangler and Casey in their official capacities. Those defendants and claims will be dismissed.

Because presently it is unclear whether any of Plaintiff's claims will survive the PLRA screening, the court cannot determine whether to exercise supplemental jurisdiction over Plaintiff's state-law claims. After the time has passed for Plaintiff to submit his amendments to the complaint, the court will make this determination.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge